**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND**

ROBERT DOUGLAS TURNER        :

    Plaintiff                  :

v                             :        Civil Action No. RDB-04-3490

LEHRMAN DOTSON, WARDEN      :
and DR. CHERELLE REDDICK-LANE

                            :

    Defendants

. . .o0o. . .

**MEMORANDUM OPINION**

This is a civil rights action filed on October 29, 2004 regarding Plaintiff's allegation that despite knowledge of his medical problems, Defendants refused to provide him with a fan. (Paper No. 1). A Motion to Dismiss or for Summary Judgment has been filed on behalf of Defendant Lehrman Dotson.[1] Paper No. 7. Plaintiff was advised by this Court of his right to file a response to Defendant Dotson's motion and of the consequences of failing to do so. (Paper No. 8). Notwithstanding that notification, Plaintiff has filed nothing further in this case. Upon review of the papers filed, this Court finds a hearing in this case unnecessary. *See* Local Rule 105.6 (D. Md. 2004).

Plaintiff alleges that he has a pacemaker and high blood pressure. Paper No. 1 at p. 4. He claims that on August 23, 2004, Dr. Lane refused to provide him with a medical fan, despite the fact that every other inmate at Maryland Correctional Adjustment Center (MCAC) who has high blood pressure has been provided one. *Id*. Defendant Dotson's only apparent involvement in the matter is his dismissal of Plaintiff's administrative remedy request regarding the refusal. *Id*. at p. 2 and Ex. 1. According to the response

---

[1] Also pending is Plaintiff's Motion to Proceed In Forma Pauperis which shall be granted.

provided to Plaintiff on the remedy request, his request was denied because he does not suffer from a medical condition that warrants provision of a fan. *Id*. at Ex. 1.

In his Motion to Dismiss or for Summary Judgment, Defendant Dotson asserts that pursuant to MCAC policy, inmates who have reached a level of 3, 4 or 5 in the quality of life program may purchase fans from the commissary; and those who require fans for a medical condition may be prescribed a fan by medical staff. (Paper No. 7). Defendant Dobson alleges he did not participate in the decision to deny a medical fan to Plaintiff and that he defers to medical staff regarding whether or not a fan is medically required.. *Id*. at Ex. 6.

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Carbonnades de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular

2

claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256. Inasmuch as Defendant's motion relied on matters outside the scope of the pleadings, it shall be construed as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6).

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003), *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical

condition. *Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virgiinia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) *quoting Farmer* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *Brown* 240 F. 3d at 390, *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Plaintiff presents no evidence to suggest that Defendant Dotson has prevented him from receiving needed medical care or that he has in anyway interfered with prescribed medical treatment. To the extent that Plaintiff's claim against Defendant Dotson can be construed as one of tacit authorization of Dr. Lane's indifference to his medical needs, the claim also fails. Defendant Dobson points out that Plaintiff has a well-documented history of self-mutilation which presents an additional legitimate reason for denying Plaintiff's request for a fan. Discharge records from the Correctional Mental Health Center in Giuseppe establish that Plaintiff engages in self-injurious behavior in an effort to manipulate staff. Paper No. 7 at Ex. 7, pp. 9– 11. On past occasions he has resorted to using his own toenail to remove sutures to a self-inflicted laceration on his arm. *Id*. Given this history, providing Plaintiff with a fan is contraindicated.

Plaintiff makes no effort to explain how or why his condition requires a fan, other than the bald

assertion that other inmates with a similar condition have fans.  To the extent that he is alleging a claim that his right to equal protection has been violated, the claim fails.  The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Center*, 473 U. S. 432, 439 (1985) (citation omitted).    Where, as here, there are legitimate concerns regarding prevention of any future self-mutilation by Plaintiff, there is no equal protection claim stated.

Given the above analysis, this Court concludes that there is no genuine dispute of material fact in this case and that Defendant Dotson is entitled to summary judgment.  In light of the medical evidence produced by Defendant Dotson, the Complaint against Dr. Lane will be dismissed without requiring an answer from her.  A separate Order follows.

Dated:   <u>April 19, 2005</u>                    <u>/s/</u>_____
                                                Richard D. Bennett
                                                United States District Judge